IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**REGINA DUCKWYLER** and
**AYINDE HURD,** *Individually, and on*
*behalf of themselves and others similarly situated,*

Plaintiffs,

v.  Civil Case No. _____

**VIRIBUS INC.,** d/b/a **Viribus Staffing LLC,**
**SANDRA JADUSINGH ALLEN**, *Individually*,
and **TIANNA JADUSINGH COLE**, *Individually,*   **FLSA 216(b) Opt-in Collective Action**
                                                  **JURY DEMANDED**
Defendants.

## ORIGINAL FLSA 216(b) COLLECTIVE ACTION COMPLAINT

Plaintiffs, Regina Duckwyler and Ayinde Hurd, individually, ("Plaintiffs"), on behalf of themselves and other similarly situated current and former employees of Defendants, bring this collective action against Defendants, VIRIBUS INC d/b/a Viribus Staffing LLC ("Viribus Staffing"), Sandra Jadusingh Allen, individually, and Tianna Jadusingh Cole, individually allege as follows:

## I.
## INTRODUCTION

This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime and other damages owed to Plaintiffs and other similarly situated current and former employees of Defendants, who are potential plaintiffs as defined herein.

1

## II.
## JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this District at all times relevant to this action, Defendants' principal office is located in this District, Defendants regularly conducted and continue to conduct business in this District and have engaged, and continue to engage in wrongful conduct alleged herein in this District, during all times material to this action.

## III.
## POTENTIAL PLAINTIFF DESCRIPTION

3. Plaintiffs brings this action on behalf of themselves and the following potential plaintiffs:

    "All current and former hourly-paid non-exempt workers who have been employed by VIRIBUS INC d/b/a Viribus Staffing LLC, Sandra Jadusingh Allen and/or Tianna Jadusingh Cole, in the United States at any time during the applicable statutory limitations' period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").[1]

## IV.
## PARTIES

4. Defendant VIRIBUS INC d/b/a Viribus Staffing LLC is a Tennessee for-profit Corporation in good standing with the Tennessee Secretary of State with its principal address located at 701 N Cherry Street, Knoxville, Tennessee 37914-5201. Defendant's registered agent for service of process is Owner/Manager Sandra Allen, 701 N Cherry Street, 37914-5201.

---

[1] Plaintiffs reserve the right to modify or amend the potential plaintiff description upon newly discovered information gathered through the discovery process.

5. Upon information and belief, Defendant, Sandra Jadusingh Allen a/k/a Sandra P Allen, manages, owns, oversees and/or operates Viribus Staffing. Defendant Sandra Jadusingh Allen can be served with process at 701 N Cherry Street, 37914-5201, or wherever she may be found.

6. Upon information and belief, Defendant, Tianna Jadusingh Cole, manages, owns, oversees and/or operates Viribus Staffing. Defendant Tianna Jadusingh Cole can be served with process at 701 N Cherry Street, 37914-5201, or wherever she may be found.

7. Plaintiff Regina Duckwyler was employed by Defendants as an hourly-paid non-exempt employee at Defendants' customer, Red Roof Inn located in Cleveland, Tennessee during all times material. (Plaintiff Regina Duckwyler's Consent to Join this collective action is attached hereto as *Exhibit A*.)

8. Plaintiff Ayinde Hurd was employed by Defendants as an hourly-paid non-exempt employee at various hospitality customers of Defendants in Tennessee and Georgia during all times material. (Plaintiff Ayinde Hurd's Consent to Join this collective action is attached hereto as *Exhibit B*.)

## V.
## ALLEGATIONS

9. Defendants own, operate, manage and "oversee" a staffing company doing business as Viribus Staffing LLC based in Knoxville, Tennessee during all relevant times.

10. The primary function of Defendants' staffing company is to provide workers to customers, primarily in the hospitality, food service, construction, janitorial, warehousing, packaging, logistics and light industrial and manufacturing industries.

3

11. On information and belief, the decisions regarding the compensation of Plaintiffs and potential plaintiffs were made by Defendants, Sandra Jadusingh Allen and Tianna Jadusingh Cole.

12. At all times material to this action, Plaintiffs and potential plaintiffs have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

13. Plaintiffs and potential plaintiffs are current or former employees of Defendants who were paid an hourly wage but were not paid overtime.

14. At all times material to this action, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and, their employees, including Plaintiffs and potential plaintiffs, likewise have engaged in interstate commerce during all relevant times.

15. At all times material to this action, Defendants have been an "employer" or "joint employer" as defined by the FLSA.

16. Plaintiffs and potential plaintiffs typically worked over forty (40) hours per week within weekly pay periods during all times relevant and material herein.

17. Plaintiffs and potential plaintiffs were only paid straight time for each hour worked regardless of how many hours were worked. In other words, they were not paid at a rate equal to at least one and one-half time their regular rate of pay for all hours worked in excess of forty (40) in any given workweek.

18. Plaintiffs' and potential plaintiffs' unpaid overtime claims are unified through common theories of Defendants' FLSA violations.

19. The net effect of Defendants' aforementioned practice to unlawfully not pay overtime wages was to lower labor costs for Defendants' and, thereby, save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA and, thereby enjoyed ill-gained profits at the expense of their employees, including Plaintiffs and potential plaintiffs.

20. Although at this stage Plaintiffs are unable to state the exact amount owed to them and potential plaintiffs, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring this action on behalf of themselves and potential plaintiffs as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

22. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

23. The number of potential plaintiffs is so numerous that joinder of all other potential plaintiffs is impracticable. While the exact number of the other potential plaintiffs is unknown to Plaintiffs at this time and can only be ascertained through applicable discovery, Plaintiffs believe there are more than fifty (50) potential plaintiffs to this action.

24. The claims of Plaintiff are typical of the claims of the potential plaintiffs. Plaintiffs and those similarly situated who work or have worked for Defendants' staffing company were

5

Case 3:23-cv-00466-TRM-DCP   Document 1   Filed 12/29/23   Page 5 of 9   PageID #: 5

subjected to the same operational, compensation and timekeeping practices of Defendants, without being paid fully for all their aforementioned wage claims at the applicable FLSA overtime compensation rates of pay.

25. As a result, such aforementioned unpaid overtime claims of Plaintiffs and potential plaintiffs are unified through common theories of Defendants' FLSA statutory violations.

26. Common questions of law and fact exist as to Plaintiffs and potential plaintiffs which predominate over any questions only affecting other potential plaintiffs individually and include, but are not limited to, the following:

- Whether Plaintiffs and potential plaintiffs were expected and/or required to perform work without being paid full compensation;

- Whether Defendants failed to pay Plaintiffs and potential plaintiffs the applicable FLSA overtime wage rates of pay for all work performed;

- The correct statutes of limitations for the claims of Plaintiffs and potential plaintiffs;

- Whether Plaintiffs and potential plaintiffs are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiffs and potential plaintiffs.

27. Plaintiffs will fairly and adequately protect the interests of the potential plaintiffs as their interests are aligned with the interests of potential plaintiffs. Plaintiffs have no interests adverse to the potential plaintiffs and they have retained competent counsel who are experienced in collective action litigation.

28. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual potential plaintiffs in a collective action are relatively small in

6

comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other potential plaintiffs to individually seek redress for the wrongs done to them.

29. Plaintiffs and potential plaintiffs have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## VII.
## INDIVIDUAL LIABILITY AGAINST
## SANDRA JADUSINGH ALLEN AND TIANNA JADUSINGH COLE

30. Throughout the recovery period applicable to this action, the individual Defendants exercised operational control over the business activities and operations of the corporate Defendant including control over their hourly-paid nonexempt employees.

31. In particular, the individual Defendants were directly responsible for the decision to unlawfully not pay Plaintiffs and potential plaintiffs overtime.

32. Accordingly, the individual Defendants acted "directly or indirectly in the interest of an employer in relation to" the Named Plaintiff and potential plaintiffs within the meaning of §203(d) of the FLSA, and are thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

## COUNT I
## FLSA VIOLATIONS – UNPAID OVERTIME

33. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

34. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

35. Defendants violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. § 207 by employing workers in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty (40) hours without compensating such non-exempt employees for their overtime work.

36. Through their actions, plans, policies and practices Defendants acted willfully and without a good faith basis, thereby violating the FLSA by regularly and repeatedly failing to compensate Plaintiffs and potential plaintiffs for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay.

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and on behalf of themselves and all other similarly situated potential plaintiffs, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the similarly situated potential plaintiffs and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid overtime wages to Plaintiffs and potential plaintiffs at the applicable FLSA minimum wage rate of pay.

C. On Count I, an award of liquidated damages to Plaintiffs and potential plaintiffs;

D. On Count I, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and potential plaintiffs;

E.  On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and potential plaintiffs;

F.  On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a **trial by jury** on all issues so triable.

Dated: December 29, 2023.    Respectfully Submitted,

*/s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

*Attorneys for the Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*